IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYLAN WAYNE GUNNELS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. H-20-1834 |
| v. | § | |
| | § | |
| F. ACEVEDO, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER OF PARTIAL DISMISSAL, STAY, AND CLOSURE**

Dylan Wayne Gunnels, a pretrial detainee in custody of the Harris County Sheriff's Office (the "HCSO"), filed this *pro se* section 1983 lawsuit against HCSO Deputy F. Acevedo, Sheriff Ed Gonzalez, and the HCSO. He proceeds *in forma pauperis* and seeks monetary damages.

Having screened the complaint as required by sections 1915 and 1915A, the Court **DISMISSES IN PART, STAYS, AND CLOSES** this case for the reasons shown below.

## I. BACKGROUND AND CLAIMS

Public online Harris County criminal court records show that plaintiff is in pretrial detention custody of the HCSO awaiting trial on nine felony charges and one misdemeanor charge.

Plaintiff complains that defendant Deputy Acevedo fired his weapon at plaintiff's vehicle and struck him on the arm or hand on September 28, 2019, in Harris County, Texas. Plaintiff, who claims that Acevedo had no reason to shoot him, fled from the scene in the

stolen pick-up truck he was driving at the time. A HCSO manhunt ensued, which plaintiff complains prevented him from working or using his real name.

Public online records for plaintiff's pending criminal charges show that plaintiff had been released under various pretrial bonds in 2019, but that he failed to appear in court. The pretrial bonds were revoked and citations were issued for plaintiff's arrest on September 5, 2019. HCSO deputies attempted to apprehend plaintiff on September 28, 2019, in response to reports of a stolen Lexus motor vehicle, but he fled the scene in the stolen pick-up truck. His two co-defendants identified plaintiff as the individual who had arranged the crimes, and security cameras captured plaintiff in the stolen vehicles attempting to remove audio components. Plaintiff was arrested and taken back into custody on March 3, 2020, where he remains. Three of his pending felony prosecutions are for unauthorized uses of motor vehicles and criminal mischief arising from the events of September 28, 2019.

Plaintiff seeks monetary damages against Deputy Acevedo and Sheriff Gonzalez in their official and individual capacities and against the HCSO.

## II.  ANALYSIS

A.  <u>Sections 1915, 1915A</u>

Because plaintiff is a Harris County pretrial detainee proceeding *in forma pauperis*, the Court is required to scrutinize his claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon

which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

B.    <u>HCSO</u>

Plaintiff fails to raise a viable claim for relief against the HCSO, as the HCSO is a division of Harris County and is not a legal entity that can be sued in its own name. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that county sheriff's departments are governmental subdivisions without capacity for independent legal action).

Further, even assuming plaintiff had named Harris County as a defendant in this lawsuit, he fails to set forth factual allegations giving rise to a viable claim. Political subdivisions of the state such as Harris County "cannot be held liable solely because it employs a tortfeasor [or] on a *respondeat superior* theory." *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978). To prevail on a claim, a plaintiff must show that the county had a policy or custom that caused his injury. *Park v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). "A plaintiff may not infer a policy merely because harm resulted from some

interaction with a governmental entity." *Colle v. Brazos County, Tex.*, 981 F.2d 237, 245 (5th Cir. 1993).

Thus, the standard for holding a local government unit responsible under section 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Collins v. City of Harker Heights*, 916 F.2d 284, 286 (5th Cir. 1990). Consequently, Harris County would violate a plaintiff's constitutional rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984).

Plaintiff here fails to identify a policy, practice or custom of Harris County that caused a deprivation of his constitutional rights, and no viable claim for relief against Harris County is raised under section 1983.

Plaintiff's claim for monetary damages against HCSO and/or Harris County is **DISMISSED WITHOUT PREJUDICE** for failure to raise a viable claim for relief.

C. <u>Sheriff Ed Gonzalez</u>

Plaintiff seeks monetary damages against HCSO Sheriff Ed Gonzalez in his official and individual capacities. Plaintiff pleads no factual allegations against Gonzalez other than to suggest that he is "dirty." (Docket Entry No. 1-1, p. 3.) Plaintiff's assertion that Gonzalez is "dirty" fails to state a viable claim upon which relief can be granted under section 1983,

and plaintiff's purported claim against Sheriff Gonzalez is **DISMISSED WITHOUT PREJUDICE** as frivolous.

D.  Deputy F. Acevedo

Plaintiff seeks monetary damages against Deputy Acevedo for shooting him in the arm or hand without cause on September 28, 2019. The Court takes judicial notice that three of plaintiff's pending Harris County felony prosecutions are for unauthorized uses of motor vehicles and criminal mischief arising from the events of September 28, 2019. *See State v. Gunnels*, Case Nos. 1662528, 1649022, and 1649025 in the 177th District Court of Harris County, Texas.

Given a liberal construction, plaintiff's lawsuit raises a claim for Deputy Acevedo's use of excessive force in attempting to arrest or detain plaintiff on September 28, 2019, while plaintiff was operating or exerting control over a stolen motor vehicle. Thus, the legality of Acevedo's actions are tied to the Harris County criminal charges pending against plaintiff for unauthorized use of a motor vehicle. Plaintiff's claim that Acevedo had no cause or justification for firing his weapon at the stolen vehicle being driven by plaintiff essentially challenges the validity of plaintiff's detention and the felony charges against him for unauthorized use of the motor vehicle. Because those charges have not terminated in plaintiff's favor, his claims for monetary damages against Acevedo are subject to dismissal as barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a claim for

5

monetary damages which essentially challenges the validity of a plaintiff's existing incarceration and criminal charges is not cognizable under 42 U.S.C. § 1983).

However, the Supreme Court recognizes that the *Heck* bar does not apply if the criminal charges are pending at the time the lawsuit is filed. *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Where a pending civil rights lawsuit may have future implications for a pending criminal prosecution, the proper procedure for the federal district court is to stay the section 1983 lawsuit until the criminal case has terminated. *Id*. If plaintiff is ultimately convicted, and if the stayed civil suit would impugn the conviction, *Heck* will require dismissal of his civil action; otherwise, the civil action may proceed absent some other bar to suit. *Id.*

Plaintiff's claims for monetary damages against Deputy Acevedo are **ORDERED STAYED** pending resolution of plaintiff's Harris County criminal charges in *State v. Gunnels*, Case Nos. 1662528, 1649022, and 1649025. Plaintiff may move to reinstate these claims within thirty days after disposition of the charges if they are resolved in his favor. Should plaintiff fail to move to reinstate the claims in a timely manner, he will be required to file a new lawsuit and pay a new filing fee.

### III.  CONCLUSION

The Court **ORDERS** as follows:

1. Plaintiff's claims for monetary damages against Deputy F. Acevedo are **STAYED** pending disposition of the felony criminal charges filed against plaintiff in *State v. Gunnels*, Case Nos. 1662528, 1649022, and 1649025 in the 177th District Court of Harris County, Texas.

2. All other claims raised in this complaint are **DISMISSED WITHOUT PREJUDICE** as frivolous and/or for failure to state a viable claim for relief.

3. Any and all pending motions are **DENIED AS MOOT**.

4. This case is **ORDERED ADMINISTRATIVELY CLOSED**.

Signed at Houston, Texas, on this the  2nd  day of June, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE